UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID BACHMAN,

      Plaintiff,

    v.                                    CIV NO. 02-1343 DJS/RHS

AMERICAN EXPRESS TRAVEL
RELATED SERVICES, INC.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before this Court on Defendant's Motion to Dismiss filed March 6, 2003 (Docket No. 9). The parties have consented, pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73 to the undersigned to conduct any and all proceedings in this case, including the entry of a final judgment. Defendant seeks an order dismissing the complaint on the grounds that it fails to state a claim, that it is precluded by the doctrine of *res judicata*, and on the basis of the affirmative defense of accord and satisfaction.

The instant action is a civil action brought by Plaintiff in his capacity as a *pro se* litigant alleging mail fraud against Defendant and seeking compensatory and punitive damages. Plaintiff asserts that this court has jurisdiction over the controversy pursuant to "U.S.C. Title 39, Section 1341". Complaint, ¶3. Plaintiff alleges that Defendant received three checks from him via delivery by the United States Postal Service but failed to credit the checks to his credit card account. Plaintiff states that the checks were received by Defendant on or about February 5, 2002, February 25, 2002,

and April 2, 2002. Each check was for the sum of fifty dollars.

**STANDARD OF LAW**

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Moreover, in passing on a motion to dismiss, the allegations of the complaint must be construed in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).          "It is well-established, however, that in determining whether to grant a motion to dismiss, the district court...[is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the  complaint." Jojola v. Chavez, 55 F.3d 488, 494 (10th Cir. 1995) (citing Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1566 (10th Cir.1993) (in reviewing an order granting a motion to dismiss, a court of appeals "confin[es] [its] review to the allegations of the complaint")).

**DISCUSSION**

As noted, in ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim, the Court must accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party. Maher v. Durango Metals, Inc., 144 F.3d 1302, 1304 (10th Cir.1998). Further, under Rule 12(b)(6), the Court has broad discretion in determining whether to consider materials outside of the pleadings, and if it chooses to consider such material, it must treat a motion to dismiss as a motion for summary judgment. See Lowe v. Town of Fairland, 143 F.3d 1378, 1381 (10th Cir.1998). In this instance, it is not necessary to consider materials other than the complaint.

The statute Plaintiff cites as the basis for this Court's jurisdiction over his claim is non-

existent. Title 39 of the United States Code does not include a section 1341. However, 18 U.S.C. §1341 is a criminal statute penalizing the crimes of fraud and swindles utilizing the Postal Service. That statute falls under the general heading of Chapter 63--Mail Fraud, of the United States Code. However, it does not provide the basis for a civil cause of action. Further, a private citizen generally has no authority to initiate a federal criminal prosecution. See COK v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989).

A federal court must construe a *pro se* plaintiff's pleadings liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, this obligation does not relieve Plaintiff of the burden of stating sufficient facts to support his claim. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Further, this Court is not required to advocate for Plaintiff. Northington v. Jackson, 973 F.2d 1518, 1521 (10th Cir.1992). Applying liberal construction to the complaint, the Court considers whether it states a claim for either fraud or unjust enrichment, as Plaintiff states that he has been subject to fraud and the Defendant has been unjustly enriched, without setting forth those allegations as separate causes of action.

In New Mexico[1], fraud consists of: 1) a misrepresentation of a fact, known to be untrue by the maker; 2) made with an intent to deceive and to induce the other party to act upon it; 3) with the other party relying upon it to his injury or detriment. Register v. Roberson Construction Co., 741 P.2d 1364,1367 (N.M. 1987). Here, Plaintiff identifies no facts which could lead to the conclusion that Defendant sought to induce him to act by its alleged failure to credit his account with the three payments. No construction of the complaint can lead to the conclusion that a valid claim for fraud is

---

[1]A federal court sitting in diversity applies the substantive law of the forum state. Barrett v. Tallon, 30 F.3d 1296, 1300 (10th Cir.1994).

alleged.

With regard to unjust enrichment, such a claim requires a showing that: 1) another has been knowingly benefitted at one's expense 2) in a manner such that allowance of the other to retain the benefit would be unjust. <u>Ontiveros Insulation Co. v. Sanchez</u>, 3 P.3d 695, 698 (NM Ct.App. 2000). A claim for unjust enrichment can be read from the complaint. The Court must next consider whether the requirements are met for diversity jurisdiction, as Plaintiff has failed to state a claim under federal law and his unjust enrichment claim would have to be asserted under state law.

A federal court has original jurisdiction in cases between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. §1332(a). "'A court lacking jurisdiction ... must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking.'" <u>Tuck v. United Services Auto. Ass'n</u>, 859 F.2d 842, 844 (10th Cir.1988) (quoting <u>Basso v. Utah Power & Light Co</u>., 495 F.2d 906, 909 (10th Cir.1974)), <u>cert. denied</u>, 489 U.S. 1080 (1989). Subject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings. <u>See</u> <u>Ins. Corp. v. Compagnie des Bauxites</u>, 456 U.S. 694, 702 (1982).  Moreover, if the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter. <u>Tuck</u>, 859 F.2d at 844.

Plaintiff alleges diversity of citizenship. With regard to the amount in controversy, He alleges the loss of $150.00 and seeks damages of three times that amount, or $450.00. In addition, Plaintiff seeks discharge of unspecified indebtedness to Defendant and punitive damages in the amount of $75,000.00. The amount in controversy is ordinarily determined by the allegations of the complaint. <u>See</u> <u>Lonnquist v. J.C. Penney Co.</u>, 421 F.2d 597, 599 (10th Cir.1970). Further, it is permissible for Plaintiff's claim of punitive damages to be included in the jurisdictional amount. <u>See</u> <u>Bell v. Preferred</u>

Life Assurance Soc'y, 320 U.S. 238, 240 ("[w]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount"); see also Anthony v. Security Pac. Fin. Servs., Inc., 75 F.3d 311, 315 (7th Cir.1996) (noting that a court may take a closer look where punitive damages make up the bulk of the amount in controversy); Geoffrey E. Macpherson, Ltd. v. Brinecell, Inc., 98 F.3d 1241, 1245 (10th Cir.1996).

In this case, the only actual damages alleged total $150.00. As relief for the alleged unjust enrichment, Plaintiff seeks three times that amount, in addition to the removal of any debt to Defendant. The punitive damages sought by Plaintiff are five hundred times the actual loss he alleges and are sought in addition to the treble damages. Consequently, the closer look referred to in Anthony v. Security Pac., *supra*, is appropriate.

To obtain punitive damages under New Mexico law, a plaintiff must show that the defendant's wrongful conduct rises to a willful, wanton, malicious, reckless, oppressive, or fraudulent level. See Gillingham v. Reliable Chevrolet, 1966 P.2d 197, 200 (N.M.Ct.App.1998). Read liberally, Plaintiff's complaint sufficiently alleges fraudulent or willful conduct. However, as discussed in Burrell v. Burrell, 229 F.3d 1162, 2000 WL 1113702 (10th Cir. August 7, 2000)(unpublished disposition), under New Mexico law:

> There is no statutory limit to the amount of punitive damages a plaintiff may request.... In Vickrey v. Dunivan, 279 P.2d 853, 856 (N.M.1955), the Supreme Court of New Mexico stated that "[p]unitive damages are largely in the discretion of the jury, and they are presumed to be assessed as a measure of punishment for culpable conduct." The Court of Appeals of New Mexico, also noting that the damage assessment is left to the discretion of the fact finder, provides a more specific test to measure punitive damages. That court cited the analysis set forth in BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), which requires a court "to look at 1) the degree of reprehensibility of the conduct; 2) the ratio of the punitive award to the actual harm inflicted on plaintiff; and 3) a comparison between the punitive award and other sanctions that could be imposed for comparable misconduct." Weidler v. Big J Enterprises, Inc., 953 P.2d 1089, 1101 (N.M.Ct.App.1997). The New Mexico court further stated that "[i]n economic injury cases, if the damages are significant

and the injury not hard to detect, the ratio of punitive damages to the harm generally should not exceed ten to one." Id. at 1102.

As noted, Plaintiff seeks punitive damages of five hundred times the amount he claims Defendant failed to credit him with paying. In addition, he seeks damages of treble that amount and, on an unexplained legal theory, discharge of an unspecified debt he asserts Defendant claims. No stretch of law could justify punitive damages in the amount sought by Plaintiff based upon the facts in the complaint. Consequently, this Court will not consider the full amount of punitive damages sought by Plaintiff in determining the amount in controversy.

Plaintiff alleges economic injury of $150.00. Applying the general limit expressed by the New Mexico Court of Appeals in Weidler, *supra*, Plaintiff could recover punitive damages of up to $1,500.00. That amount falls far short of the jurisdictional requirement and appears to be the maximum recoverable under law.

**IT IS THEREFORE ORDERED** that the complaint is hereby dismissed for lack of subject matter jurisdiction.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**